**Electronically Filed**
**Intermediate Court of Appeals**
**30434**
**23-MAY-2011**
**08:41 AM**

NO. 30434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DIANE JOHNSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-09-05782)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Diane Johnson, also known as Diane Erickson (Johnson), appeals the March 19, 2010 Judgment entered by the District Court of the First Circuit, Honolulu Division (district court).[1] After a stipulated facts trial, the district court found Johnson guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 291E-61(a)(1), (3) & (b)(1) (Supp. 2009) and sentenced her to pay a $600 fine and various fees, undergo substance abuse assessment, and participate in fourteen hours of substance abuse rehabilitation.

On appeal, Johnson argues that the district court erred when it denied her oral motion to dismiss pursuant to Hawai'i

---

[1] The Honorable William A. Cardwell presided.

Rules of Penal Procedure (HRPP) Rule 48 (Rule 48)[2] because her trial commenced more than 180 days after she was arrested. She asks that we vacate her conviction and instruct the district court to dismiss the charge against her with prejudice. In its answering brief, the State concedes that the district court should have dismissed this case pursuant to Rule 48, but argues that the district could should determine whether to dismiss the charge with or without prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Johnson's points of error as follows:

The district court erred in denying Johnson's Rule 48 motion to dismiss. The district court was wrong to exclude from its Rule 48 calculation the period when State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), was published and the State re-filed its complaint against Johnson because no "good cause" existed for the exclusion where there was no evidence presented regarding the number of the State's cases impacted by the Wheeler decision or the ability of the State to respond to the

---

[2] HRPP Rule 48 provides in relevant part:

**Rule 48. Dismissal**

. . . .

    (b) *By Court.* Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

        (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

    . . . .

    (c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

    . . . .

        (8) other periods of delay for good cause.

requirements imposed by <u>Wheeler</u>. <u>See</u> HRPP Rule 48(c)(8); <u>State v. Hoey</u>, 77 Hawai'i 17, 31, 881 P.2d 504, 518 (1994); <u>State v. Hanawahine</u>, 69 Haw. 624, 629-31, 755 P.2d 466, 469-70 (1988); <u>State v. Gillis</u>, 63 Haw. 285, 288, 626 P.2d 190, 192-93 (1981); <u>State v. Cenido</u>, 89 Hawai'i 331, 337, 973 P.2d 112, 118 (App. 1999); <u>cf.</u> <u>State v. Jackson</u>, 81 Hawai'i 39, 52, 912 P.2d 71, 84 (1996). Including that time period, the State did not bring Johnson to trial within the 180-day limit set forth in Rule 48.

Therefore,

IT IS HEREBY ORDERED that the Judgment entered on March 19, 2010, in the District Court of the First Circuit, Honolulu Division, is vacated and remanded for entry of an order dismissing the charge against Johnson, with or without prejudice, in the discretion of the district court. <u>See, e.g.</u>, <u>Jackson</u>, 81 Hawai'i at 54-55, 912 P.2d at 86-87.

DATED: Honolulu, Hawai'i, May 23, 2011.

On the briefs:

Kainani C. Collins,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3